M. David Graubard, Esq.  
Kera & Graubard  
Attorneys for Debtor  
240 Madison Avenue, 7th floor  
New York, NY 10016  
(212) 681-1600  

Return Date: 5/19/15 at 10:00 a.m.  
Objection Date: 5/14/15 by 12 Noon  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In re

315 W 35TH ASSOCIATES LLC

                      Debtor.  
-----------------------------------------------------------x

Chapter 11  
Case No. 15-10877

NOTICE OF HEARING TO  
EMPLOY REAL ESTATE BROKER  
<u>FOR THE DEBTOR</u>

      PLEASE TAKE NOTICE that upon the annexed Application of the Debtor and Certification of Proposed Real Estate Broker for the Debtor, a hearing will be held on the Application of the Debtor 315 W 35th Associates LLC to employ Marcus & Millichap Real Estate Investment Services of New York as real estate broker and professional for the debtor and debtor in possession.

      The hearing will be held on May 19, 2015 at 10:00 a.m. before the Honorable Stuart M. Bernstein, U.S. Bankruptcy Court, One Bowling Green, Room 723, New York, NY 10004.

      PLEASE TAKE FURTHER NOTICE, that objections, if any, shall be filed with the Bankruptcy Court in accordance with the Electronic Filing Procedures of the Southern District of New York and served upon the undersigned attorneys for the debtor and debtor in possession, with a copy delivered to the Chambers of the Honorable Stuart M. Bernstein, so as to be received not later than May 14, 2015 at 12:00 noon

PLEASE TAKE FURTHER NOTICE, that a copy of the proposed order is annexed hereto.

Dated:     New York, New York
            May 5, 2015

                                       KERA & GRAUBARD, Attorneys for
                                       Debtor and Debtor in Possession

                                       By: _____
                                       M. David Graubard (MDG 5442)
                                       240 Madison Avenue, 7th fl
                                       New York, NY 10016
                                       (212) 681-1600

To:    OFFICE OF U.S. TRUSTEE
       and   ALL COUNSEL WHO HAVE
       FILED A NOTICE OF APPEARANCE
       IN THIS CASE

Christopher J. Major, Esq.
On Behalf of Mazel 315 West 35th LLC
cjm@msf-law.com

Gavin McGrane, Esq.
On Behalf of PacerPro, Inc.
Gavin.mcgrane@mcgranellp.com

Stephen B. Meister, Esq.
On Behalf of Mazel 315 West 35th LLC
sbm@msk-law.com

Kevin Fritz, Esq.
On Behalf of Mazel 315 West 35th LLC
kaf@msf-law.com

Susan Golden, Esq.
Office of U.S. Trustee
Susan.Golden@usdoj.gov

Louis Modugno, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
On Behalf of Robert Verrone
lmodugno@mdmc-law.com

Matthew G. Roseman, Esq.
Cullen and Dykman, LLP
On Behalf of New York Community Bank
mroseman@cullenanddykman.com

Law Offices of Joshua R. Bronstein & Associates
On Behalf of Mazal 315 W35th, LLC, Council for Community
 Preservation, Inc., Chemed Free Fund Corp.,
 Mishne L'Moshe Free Loan Society, Inc.
 Real Property Support Service Associates,
 Law Office Support Service Associates, Esquire
 Services Associates
Joshua_bronstein@counsellor.com

Michael J. Spithogiannis, Esq.
Dollinger, Gonski & Grossman
On Behalf of Motovich Holdings LLC
dgglaw@dggny.com

M. David Graubard, Esq.
Kera & Graubard
Attorneys for Debtor
240 Madison Avenue, 7th floor
New York, NY 10016
(212) 681-1600

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                           Chapter 11
                                                                Case No. 15-10877
315 W 35TH ASSOCIATES LLC


                               Debtor.
-------------------------------------------------------------x

## ORDER AUTHORIZING EMPLOYMENT OF REAL ESTATE BROKER AND PROFESSIONAL FOR DEBTOR AND DEBTOR IN POSSESSION

Upon the annexed application of 315 W 35th Associates LLC, debtor and debtor in possession, and the Certification of J.D. Parker; the relief requested appearing reasonable and proper; and due notice of this application having been given to the Office of the U.S. Trustee; it is

ORDERED, that 315 W 35th Associates LLC is hereby authorized to employ the firm of Marcus & Millichap Real Estate Investments Services of New York, as real estate broker and professional for the debtor and debtor in possession <u>nunc pro tunc</u> as of April 8, 2015 at a brokerage commission of 2.25% of the gross selling price of the Debtor's property located at 315 West 35th Street, New York, New York, pursuant to Sections 327, 330 and 1107 of the U.S. Bankruptcy Code, as more fully set forth in the Representation Agreement dated July 19, 2013, a copy of which is annexed to the Debtor's Application as Exhibit A; and it is further

ORDERED, that no payments shall be made by the Debtor in connection with this case, without application to and an order of this Court, pursuant to 11 U.S.C. Sec. 330 or Sec. 331; and it is further

ORDERED, that to the extent that the Application and the Exclusive Representation Agreement are inconsistent with this Order, the terms of this Order shall govern.

Dated:   New York, New York
         May   , 2015

                                                                                        U.S.B.J.

NO OBJECTION:

_____
U.S. Trustee

M. David Graubard, Esq.
Kera & Graubard
Attorneys for Debtor
240 Madison Avenue, 7th floor
New York, NY 10016
(212) 681-1600

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re                                                                    Chapter 11
                                                                              Case No. 15-10877
315 W 35TH ASSOCIATES LLC

                                                                              APPLICATION
                        Debtor.
-------------------------------------------------------------x

TO THE HONORABLE STUART M. BERNSTEIN, U.S. BANKRUPTCY JUDGE:

The application of 315 W 35th Associates LLC respectfully shows:

1.     On April 8, 2015 the debtor filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code and was duly authorized to remain as debtor in possession.

2.     The debtor owns the premises known as 315 West 35th Street, New York, New York ("Property") and seeks to employ a real estate broker pursuant to Sections 327, 330 and 1107 of the Bankruptcy Code.

3.     Prior to the filing of the petition, the Debtor entered into a Representation Agreement with Marcus & Millichap Real Estate Investments Services of New York ("Marcus") dated July 19, 2013. A copy of that Representation Agreement is annexed hereto as Exhibit A ("Agreement"). Since that time, Marcus has expended an enormous of time showing the Property to prospective purchasers, producing an Offering Memorandum and a general marketing of the Property.

4.     The Property has been the subject of active interest, but unfortunately for a period of time, the offers were insufficient to cover the secured and other claims against the Property and against the Debtor. However, in March, 2014, Marcus received interest

04/15/2015 WED 14:32 FAX                                                                      002/007
15-10877-smb    Doc 21    Filed 05/05/15    Entered 05/05/15 16:47:34    Main Document
                                          Pg 7 of 17

at a price that would allow for a payment of all the claims and leave an excess for the equity interests.

5. In fact, the filing of the Chapter 11 petition has increased interest in the Property, so that the Debtor expects to be able to market the Property at a price that will pay all the claims and leave sufficient excess for the equity interests.

6. The Debtor wishes to employ Marcus on the same terms and conditions that it engaged Marcus back in July, 2013 pursuant to the Agreement.

7. Annexed hereto is the Certification of J.D. Parker, a first vice-president of Marcus, that describes the work that they have performed, the work they anticipate doing in the Chapter 11 petition and disinterestness with regard to the Chapter 11 case.

8. The Agreement gives Marcus an exclusive right to sell the Property. The Commission in the Agreement equals to 2.25% of the purchase price. The Debtor proposes to employ Marcus on the same terms and conditions as set forth in the Agreement in order to help the Debtor to market the Property.

9. Upon information and belief, the firm of Marcus & Millichap does not represent any interest that is adverse to this estate and is a disinterested person as that term is defined under Bankruptcy Code §101(14).

WHEREFORE, applicant respectfully requests that an order be made authorizing employment of real estate broker for the debtor and debtor in possession and for such further relief as may be proper, all for which no previous application has been made.

Dated:   New York, New York
         April 15, 2015

                                          315 W 35TH ASSOCIATES LLC
                                          By: _____
                                              Michael Sorotzkin, Manager

2

M. David Graubard, Esq.
Kera & Graubard
Attorneys for Debtor
240 Madison Avenue, 7th floor
New York, NY 10016
(212) 681-1600

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                           Chapter 11
                                                Case No. 15-10877

315 W 35TH ASSOCIATES LLC


                        Debtor.
------------------------------------------------------------x

## CERTIFICATION IN SUPPORT OF EMPLOYMENT OF REAL ESTATE BROKER

J.D. Parker, hereby certifies the following to be true under the penalties of perjury:

1.    Affirmant is a senior vice-president and district manager of Marcus & Millichap Real Estate Investment Services, with offices located at 270 Madison Avenue, 7th floor, New York, NY 10016 ("Marcus"). Marcus is a full service real estate investment and brokerage business and is well known in the tri-state area for its real estate investment and brokerage services. Annexed hereto is a statement of my professional qualifications which indicates the extent of the Marcus operations in the tri-state area, for which I am responsible.

2.    In the summer of 2013, Marcus entered into an Exclusive Representation Agreement ("Agreement"), which is annexed as Exhibit A to the Debtor's Application for Employment of Marcus. The Agreement calls for compensation to be paid at the rate of 2.25% of the gross purchase price, to be paid at the closing.

3.    In connection with marketing the Property, Marcus prepared a detailed

Offering Memorandum, which gave all the particulars of the Property. Over the 20 months that Marcus has been marketing the Property, we have delivered approximately 70 marketing packages to various principals and brokers who expressed an interest, and conducted 43 property tours for prospective purchasers at the Property. All this work resulted in nine substantial written offers, which then resulted in one written contract for the best offer that was fully executed.

4. There is very active interest in the Property and Affirmant requests that this Court authorize the debtor to employ Marcus as the real estate broker and real estate professional with regard to marketing the Property on the same terms and conditions as set forth in the Agreement.

5. Marcus does not represent any interest as adverse to this estate and to the best of Affirmant's knowledge and information, is a disinterested person, as that term is defined in Bankruptcy Code §101(14).

6. It is possible through the business of Marcus, that Marcus might have been in contact with people who have expressed interest in other properties that are represented by Marcus, that might be involved in this case. However, Affirmant has scanned the creditors' list and verily believes that Marcus has not represented any of those entities.

Dated:    New York, New York
          April 17, 2015

_____
J.D. Parker



# Marcus & Millichap
## Real Estate Investment Services



### PROFESSIONAL QUALIFICATIONS

**J.D. Parker**
*First Vice President - District Manager
Manhattan, New Haven, White Plains,
and Brooklyn*

270 Madison Avenue, 7th Floor
New York, NY 10016
(212) 430-5100 Main
(212) 430-5110 Fax
jparker@marcusmillichap.com

J.D. Parker is Vice President and District manager who runs daily operations for Marcus & Millichap's Manhattan, White Plains and New Haven offices. He also oversees the firms Brooklyn operations. In total he oversees a staff of over 150 commercial brokers and their teams. In addition to being the broker of record for the state of New York and Connecticut, J.D. manages all transactions in the region and recruits, hires, trains and deploys new agents in the market place. As District manager, J.D. provides strategic direction of the firm's New York Tri-State operations, while serving as an active advisor for his brokers. Currently, J.D. is overseeing 300+ exclusive listings valued in excess of $750,000,000 within the regional area. In the last three years, J.D. has overseen over 700 closings with a sales volume in excess of $2,500,000,000 in New York and Connecticut.

J.D. joined Marcus & Millichap in 2004 as an agent specializing in investment sales in the New York area. He quickly gained success as an agent achieving the firm's rookie of the year award and the national sales achievement award within his first year. By the end of 2005, J.D. was promoted to the management team as Sales manager of the Manhattan office, supervising 52 agents in addition to running the day to day operations of the office. In March 2007, J.D. was appointed Regional manager of Marcus & Millichap's Brooklyn office on the corner of Court Street and Montague Street; there he was tasked with opening and growing the office to 45+ agents. In 2012 J.D gained oversight of the NY tri-state area for Marcus & Millichap and became the Regional manager of the Manhattan and New Haven offices. In January 2012, he opened the White Plains office. Under his leadership, the Manhattan office of Marcus & MIllichap has been the #1 office in the firm for 2011-2012. J.D. received his bachelor's degree in Operations and Information Systems Management from Pennsylvania State University.

### Achievements

Managed $4.5+ billion in closings for NY and CT – 2007, 2008, 2009, 2010, 2011, 2012
Launched Brooklyn office – 2007
Managed $500,000,000+ in closings as Sales Manager of the Manhattan office – 2006
National Sales Achievement Award – 2005
Rookie of the Year Award – 2004
Pacesetter Award – 2004

### Affiliations

Real Estate Board of New York
Brooklyn Chamber of Commerce
Executive Committee Member-Real Estate Development Committee, Brooklyn Chamber

Offices Nationwide                                                                    www.MarcusMillichap.com

**Investment Sales ♦ Financing ♦ Research ♦ Advisory Services**

# EXHIBIT A

07/22/2013 MON 11:55  FAX                                                                                                      ☒008/008

# Marcus & Millichap
## Real Estate Investment Services

REPRESENTATION AGREEMENT

(EXCLUSIVE RIGHT TO SELL OR EXCHANGE)

The undersigned 315 W 35th Associates LLC ("Seller"), hereby agrees to enter into this Exclusive Right To Sell Or Exchange Representation Agreement ("Agreement"), and hereby employs Marcus & Millichap Real Estate Investment ~~Brokerage Company~~ *Services* of New York ("Agent"), and grants to Agent, for a period of time as set forth herein, the exclusive and irrevocable right and authority to sell or exchange that certain real property ("Property") located at
315 West 35th Street New York, NY 10001 (Block:00759 Lot:0031).

1.  **PURCHASE PRICE/TERMS:**  Agent is authorized to offer the Property for sale at a gross purchase price of $36,000,000 in cash, or upon the terms stated in the Addendum attached hereto, if any, or in all cases, upon such other terms and conditions as Seller may approve in writing.

2.  **TERM:**  This Agreement shall commence on July ~~1~~ *22nd*, 2013 (the "Commencement Date") and shall continue through and including midnight on ~~August 31~~ *September 27th* subject to extension based upon performance as set forth below, (the "Original Term"). If an agreement of sale or letter of intent for the sale is executed, and if said agreement or letter of intent is revoked or terminated, or the transaction is canceled, the Original Term shall be extended by the number of calendar days during which the sale agreement or letter of intent was in effect (the "Extended Term"). The purpose of this automatic extension is to allow agent the opportunity to expose the Property to the marketplace for the full period of time contemplated by this Agreement. The Original Term, as the same may be extended by the Extended Term, or by any other extensions as set forth herein, or as otherwise may be agreed to by Seller and Agent, shall collectively be referred to herein as the "Term".

*The Seller May*
~~A.~~ ~~This agreement~~ terminate the agreement 30 days from Commencement Date in the event that Marcus & Millichap does not produce 5 offers ~~over $30M~~ in writing; termination and extension longer than sixty (60) days shall be at the agreement of both parties.

Broker acknowledges that the property is in foreclosure and the first lender is owed more than $21M.

3.1  **COMMISSION:**  In consideration of the services to be rendered by Agent, Seller agrees to pay to Agent a commission equal to two and one quarter percent (2.25%) of the purchase price of the Property (the "Commission") upon the occurrence of any of the following events:

    a.  A buyer is procured during the Term who is ready, willing and able to purchase the Property on the terms and conditions set forth herein or on any other terms and conditions acceptable to Seller; or

    b.  The Property is sold, exchanged or otherwise conveyed during the Term, whether by Seller or any other person or entity; or

NY Short Rep Agreement2                                           - 1 -                          Seller's Initials _____  Agent's Initials _____
                                                                                                         NY-Copyright Marcus & Millichap 1969

EXHIBIT A

    c.    The Property is withdrawn from the market or made unmarketable by Seller during the Term, or this Agreement is revoked by Seller, or Seller otherwise prevents or precludes Agent's performance hereunder (Seller's actions shall not include a sale of the property at foreclosure and a petition for Bankruptcy relief); or

    d.    A sale, exchange or other conveyance of the Property is made during the Term, or within nine (9) months after the expiration of the Term to a person or entity with whom Agent has negotiated, or to whose attention the Property has been brought, or who was introduced to Seller as a prospective purchaser (herein, "Prospective Purchaser"), provided that (i) the name of any such person or entity has been submitted to Seller by delivery of a letter of intent, contract, or written offer to purchase the Property prior to expiration of the Term, or (ii) written notice has been given to Seller of the name of the Prospective Purchaser within fifteen (15) calendar days after the expiration of the Term. With respect to a sale, exchange or other conveyance to any Prospective Purchaser, Agent shall conclusively be deemed to be the procuring cause. The term "Prospective Purchaser" shall include that person or entity to whose attention Agent has brought the Property, as well as any partnership, joint venture, corporation, trust or other similar entity which that person or entity represents or in which it holds an ownership or beneficial interest.

    e.    Seller and Broker agree that if completion of a sale of the Property pursuant to a duly executed purchase agreement is prevented by default of the Buyer, Seller shall be obligated to pay to Broker only an amount equal to one-quarter of any damages or other monetary compensation (including liquidated damages) collected from said Buyer by suit or otherwise as a consequence of Buyer's default, if and when such damages or other monetary compensation are collected. However, the amount due Broker shall not exceed the brokerage commission set forth above. The term "Property" shall include any interest therein or in its ownership.

    3.2    The Commission shall be paid at the Closing, and Agent shall be entitled to make demand of any escrow holder or closing attorney for payment from the proceeds of sale.

    4.    **OTHER TERMS AND CONDITIONS:**

    a.    **Indemnification:**    Seller agrees to indemnify and hold Agent harmless from any and all liability, damages, losses, causes of action, or other claims (including attorneys' fees and other defense costs) arising from or asserted in connection with any incomplete or inaccurate information provided by Seller, or any material information concerning the Property which Seller has failed to disclose and for any claims against Agent for environmental responsibility with respect to the Property.

    b.    **Notification of Inquiries:**    Owner agrees to promptly refer to Agent all inquiries of anyone interested in the Property or who approaches Seller in any direct or indirect way with respect to the Property. It is understood and agreed that Seller shall provide Agent with fully executed copies of any and all Letters of Intent, Agreements of Sale, Settlement or Closing Statements, and an executed FIRPTA form on or before the Closing date.

*NY Short Rep Agreement8*    Seller's Initials _____  Agent's Initials _____
Copyright Marcus & Millichap 1995

    c.    Inspections: Seller agrees that Agent and its representatives shall have the right to enter upon and inspect the interior and exterior of the Property with prospective buyers at reasonable hours. Seller agrees to furnish and make available to Prospective Purchasers all financial data concerning the Property.

    5.    **SCOPE OF AGENT'S AUTHORITY AND RESPONSIBILITY:** Agent shall assist Seller in marketing the Property and in negotiating the terms and conditions of sale with any prospective purchasers. Agent shall not, however, have authority to bind Seller to any contract or purchase agreement. Agent shall not be responsible for performing any due diligence or other investigation of the Property, or for providing professional advice with respect to any legal, tax, engineering, construction or hazardous materials issues. Except for confidential information regarding Seller's business or financial condition and the negotiation of the terms of a purchase agreement between Seller and a prospective purchaser, Seller and Agent agree that their relationship is at arm's length.

    6.    **AFFILIATED BROKERS/DUAL AGENCY:** Agent is affiliated with other Marcus & Millichap brokerage companies in other states. Agent shall disseminate information about the Property to such affiliated brokers, inviting the submission of offers on the Property. Seller authorizes Agent and any affiliated broker to represent any prospective buyer in the acquisition of the Property, and to submit offers on behalf of such buyers. Seller understands that this authorization may result in Agent's representing both Seller and a prospective buyer, and Seller hereby authorizes and consents to such dual representation and agrees to execute a confirmation of such disclosed dual agency if prospective purchaser is already represented by an affiliated entity.

    7.    **ARBITRATION OF DISPUTES:** Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by final binding arbitration administered before a single arbitrator by the American Arbitration Association (AAA) under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator) may be entered in any court having jurisdiction thereof. Unless the parties agree otherwise, the arbitration shall be governed by the AAA's Expedited Procedures. The parties also agree that the AAA Optional Rules for Emergency Measures of Protection shall apply to the proceedings. The AAA's fees and charges shall be paid equally by the parties as they become due, provided that such costs shall be recoverable by the prevailing party in accordance with Paragraph 8 of this Agreement. If either party fails to pay its share of the AAA's fess or expenses as they become due, and such failure is not cured within five days of receiving written notice thereof from the other party or the AAA, such party shall be deemed to have defaulted and the arbitrator shall enter final judgment in favor of the non-defaulting party.

    8.    **ATTORNEYS' FEES:** In any litigation, arbitration or other legal proceeding which may arise between any of the parties hereto, including Agent, the prevailing party shall be entitled to recover its costs and expenses, including costs and expenses of arbitration, court costs and expenses incurred on appeal, and reasonable attorneys' fees incurred in any dispute through arbitration and appeal of and final judgment in addition to any other relief to which such party may be entitled.

    9.    **GOVERNING LAW:** This Agreement shall be governed by and construed in accordance with the laws of the state or commonwealth where the Property is located.

*NY Short Rep Agreement2*            Seller's Initials \_\_\_\_ Agent's Initials \_\_\_\_
                                            NY-Copyright Marcus & Millichap 1999

07/22/2013 MON 11:54 FAX                                                                    ☒005/008

10. **SEVERABILITY:** In the event any term or provision of this Agreement shall be held illegal, unenforceable or inoperative as a matter of law, the remaining terms and provisions of this Agreement shall not be affected thereby and shall remain in full force and effect.

11. **SELLER AND AGENT AGREE THAT THE PROPERTY WILL BE OFFERED FOR SALE AND WILL BE SOLD WITHOUT REGARD TO RACE, COLOR, RELIGIOUS CREED, SEX, ANCESTRY, AGE, NATIONAL ORIGIN, DISABILITY OR FAMILIAL STATUS.**

12. **WARRANTY OF AUTHORITY:** Seller represents and warrants to Agent that the undersigned Seller has the legal right to sell the Property and to bind all other individuals and entities that may have an ownership interest in the Property.

13. **ADDENDA:** Any addendum attached hereto and either signed or initialed by the parties shall be deemed a part hereof. This Agreement expresses the entire agreement of the parties and supersedes any and all previous agreements between them with regard to the Property. There are no other understandings, oral or written, which in any way alter or enlarge the terms hereof, and there are no warranties or representations of any nature whatsoever, either express or implied, except as set forth herein. Any modification of this Agreement will be effective only if it is in writing and signed by the party to be charged.

14. **SIGNAGE:** Seller agrees that Marcus & Millichap may place a Marcus & Millichap "For Sale" sign on the property. Marcus & Millichap has the right to maintain the sign for the duration of the listing agreement.

The undersigned Seller and Agent understand that this is a legal document and agree to the terms and conditions set forth in this Agreement, and Seller acknowledges receipt of an executed copy hereof and that Seller has read the Agreement carefully.

SELLER: *Michael Sorotzkin*        DATE: 7/19/2013

SELLER: _____        DATE: _____

AGENT: MARCUS & MILLICHAP REAL ESTATE INVESTMENT
        ~~BROKERAGE COMPANY~~ Services OF NEW YORK
BY: _____        DATE: 7-19-13
    Marcus & Millichap Agent

NY Short Rep Agreement2                                    Seller's Initials ___  Agent's Initials ___
                                                           NY-Copyright Marcus & Millichap 1969

CERTIFICATE OF SERVICE

M. David Graubard, counsel for 315 W 35th Associates LLC, debtor and debtor in possession in this matter, hereby certifies the following:

On May 5, 2015 I served the Notice of Hearing to Employ Real Estate Broker for the Debtor by e-mail on the Office of the U.S. Trustee and all counsel who filed a Notice of Appearance in this case, at their respective e-mail addresses as set forth below:

Christopher J. Major, Esq.
On Behalf of Mazel 315 West 35th LLC
cjm@msf-law.com

Gavin McGrane, Esq.
On Behalf of PacerPro, Inc.
Gavin.mcgrane@mcgranellp.com

Stephen B. Meister, Esq.
On Behalf of Mazel 315 West 35th LLC
sbm@msk-law.com

Kevin Fritz, Esq.
On Behalf of Mazel 315 West 35th LLC
kaf@msf-law.com

Susan Golden, Esq.
Office of U.S. Trustee
Susan.Golden@usdoj.gov

Louis Modugno, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
On Behalf of Robert Verrone
lmodugno@mdmc-law.com

Matthew G. Roseman, Esq.
Cullen and Dykman, LLP
On Behalf of New York Community Bank
mroseman@cullenanddykman.com

Law Offices of Joshua R. Bronstein & Associates
On Behalf of Mazal 315 W35th, LLC, Council for Community
 Preservation, Inc., Chemed Free Fund Corp.,
 Mishne L'Moshe Free Loan Society, Inc.
 Real Property Support Service Associates,
 Law Office Support Service Associates, Esquire
 Services Associates
Joshua_bronstein@counsellor.com

Michael J. Spithogiannis, Esq.
Dollinger, Gonski & Grossman
On Behalf of Motovich Holdings LLC
dgglaw@dggny.com

Dated:      New York, New York
            May 5, 2015

                                            _____
                                            M. David Graubard