Hearing to Approve Sales Procedures Order:  June 9, 2015
Objection Date on Sales Procedures Order:   June 2, 2015

M. David Graubard, Esq.
Kera & Graubard
Attorneys for Debtor
240 Madison Avenue, 7th floor
New York, NY  10016
(212) 681-1600

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re                                                              Chapter 11
                                                                   Case No. 15-10877
315 W 35TH ASSOCIATES LLC


                              Debtor.
------------------------------------------------------------X

### NOTICE OF DEBTOR'S MOTION FOR AN ORDER
### APPROVING SALE PROCEDURES
### CONCERNING DEBTOR'S SALE OF REAL PROPERTY
### LOCATED AT 315 WEST 35TH STREET, NEW YORK, NEW YORK

PLEASE TAKE NOTICE that upon the motion of the Debtor 315 W 35th Associates

LLC, by its attorneys and the exhibits annexed thereto, the Debtor will move before the

Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in the United States

Bankruptcy Court, One Bowling Green, Room 723, New York, NY 10004 on June 9, 2015

at 10:00 a.m.,  for entry of an order, for an order, substantially in the form attached to the

Motion as Exhibit A (the "Sales Procedures Order"), approving bidding procedures and the

form and manner of notice of sale in connection with the Debtor's sale of the real property

located at 315 West 35th Street, New York, New York, subject to higher and better offers.

PLEASE TAKE FURTHER NOTICE that responses, if any, to the Motion shall be in

writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, shall set forth the name of the respondent, the nature of the

1

objection and the specific grounds therefore, and state with particularity the grounds for

such response and be filed with the Clerk of the Court, United States Bankruptcy Court for

the Southern District of New York, One Bowling Green, New York, New York 10004, (a)(i)

through the Bankruptcy Court's electronic filing system; or (b) if a party is unable to file

electronically, such party shall submit the objection in PDF format on a diskette in an

enevelope with the case name, case number, type and title of document, document

number of the document to which the objection refers, and the file name on the outside of

the envelope.  An objection filed by a party with no legal representation shall comply with

section (b) as set forth in this paragraph.  A hard copy of the objection, whether filed

pursuant to section (a) or (b), as set forth in this paragraph, shall be hand delivered directly

to the Chambers of the Honorable Stuart M. Bernstein, and served upon:  (i)  Kera &

Graubard, Attn: M. David Graubard, Esq., 240 Madison Avenue, 7th fl, New York, NY

10016; (ii) the Office of the U.S. Trustee for the Southern District of New York, Attn:

Susan Golden, Esq., 201 Varick Street, Suite 1006, New York, NY 10004; (iii) any party

that has filed a notice of appearance or proof of claim in the Debtor's case or who are

otherwise entitled to receive notice so as to be received in hand no later than June 2,

2015 at 4:30 p.m.

Dated:      New York, New York
            May 17, 2015

                                        KERA & GRAUBARD
                                        Attorneys for Debtor

                                        By:
                                           M. David Graubard (MDG 5442)
                                           240 Madison Avenue, 7th fl
                                           New York, NY  10016
                                           (212) 681-1600

2

M. David Graubard, Esq.
Kera & Graubard
Attorneys for Debtor
240 Madison Avenue, 7th floor
New York, NY  10016
(212) 681-1600

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re                                                                    Chapter 11
                                                                         Case No. 15-10877

315 W 35TH ASSOCIATES LLC


                                Debtor.
--------------------------------------------------------x


MOTION FOR AN ORDER APPROVING PROCEDURES CONCERNING
SALE OF REAL PROPERTY LOCATED AT
315 WEST 35TH STREET, NEW YORK, NY


TO:   HONORABLE STUART BERNSTEIN, U.S. BANKRUPTCY JUDGE

        The Debtor 315 W 35th Associates LLC, ("Debtor") by its attorneys, makes this

motion for an order, substantially in the form annexed hereto as Exhibit A, approving the

bidding procedures, the form and manner of notice of sale in connection with the sale of

the commercial property located at 35 West 35th Street, New York, New York, to John

Young, subject to higher and better offers ("Sales Procedures Order"), and respectfully

represents as follows:

        1.      On April 8, 2015, the Debtor filed a voluntary Chatper 11 petition with this

Court and was duly authorized to remain as debtor in possession.

        2.      This Motion is a core proceeding and the venue of this Motion is proper,

based upon the filing of the Chapter 11 petition and the location of the Debtor's

property.

3.      This Motion is made pursuant to Section 363 of the United States

Bankruptcy Code ("Code"); Rules 2002 and 6004 of the Federal Rules of Bankruptcy

Procedure; and Local Bankruptcy Rules 6004-1 and 9006-6-1.

4.      The Debtor is the owner of premises 315 West 35th Street, New York, New

York ("Property"), which the Debtor acquired in 2006 with the hope of renovating the

Property and selling it as a condominium enterprise.  Unfortunately, the developer with

whom the Debtor had contracted was unable to complete the project.

5.      In July, 2007, the Debtor entered into a Contract of Sale with Motovich

Holdings LLC ("Motovich"), who was unable to close.  There has been litigation pending

between Motovich and the Debtor concerning breach of contract claims.  As a result of

the financial crisis of 2008, further attempts to refinance the project and develop it were

not successful.

6.      The present holder of the mortgage on the Property is Mazel 315 West

35th LLC ("Mazel").  The Debtor and Mazel have been engaged in litigation in Supreme

Court, New York County.  Mazel purchased three separate notes and mortgages held

by the prior mortgagee on the Property.

7.      For the last several years, the Property has been  an empty shell, having

been demolished internally in anticipation of conversion to condominiums.  Therefore,

the Property is ripe for a developer to continue the conversion process.

8.      At the present time, the following secured claims exist against the

Property:

        (a)      Mazel has a first mortgage claim pursuant to a Judgment of

2

Foreclosure that, with interest, costs and expenses, is approximately $28,000,000.

(b)    Motovich has a default judgment in the sum of $5,330,438.31 as of February 17, 2011. This claim is the subject of a proceeding in Supreme Court, New York County to open up the default judgment and have the matter heard on the merits. However, with costs and interest, the present amount of the Motovich default judgment is approximately $7,200,000.

(c)    Robert Verrone has a judgment obtained in New Jersey that has been docketed in New York with a present amount due of approximately $400,000.

(d)    Liens by the New York City Department of Environmental Protection for approximately $60,000.

(e)    Therefore, the total liens, including those subject to dispute, approximate $35,660,000.

9.    No application for an order for the last day to file claims has been made. However, Schedule F attached to the Debtor's Chapter 11 petition indicates unsecured claims (excluding the secured or judgment creditors noted above), in the sum of approximately $660,000.

New York County on June 29, 2010.  With interest on the judgment, the amount due as of the filing of the petition would be $473,994.00.

PRE-PETITION SALE EFFORTS

10.    On July 19, 2013, the Debtor entered into an exclusive real estate representation agreement for the sale of the Property with Marcus & Millichap Real Estate Investment Services ("Marcus") located at 270 Madison Avenue, 6th floor, New

York, NY  10016.  Marcus undertook to market the Property and prepare an extensive marketing package.  From July, 2013 through the date of the filing of the Chapter 11 petition, Marcus obtained nine separate written offers for the Property and the best one at that point was Mr. John Young with an offer of $31,500,000.  The Debtor and Mr. Young entered into a written agreement for the purchase of the Property.  However, the Debtor and Mr. Young were unable to close because Mr. Young needed several more weeks to complete his financing, which would take the parties beyond the date of the scheduled foreclosure sale, which was April 9, 2015.

11.    Both before and after the filing of the Chapter 11 petition, the Debtor has received several offers on the Property, while the negotiations were still extant with Mr. Young and the Debtor to be a stalking horse bid in the Bankruptcy Court.  Those negotiations went on for one month, but unfortunately, they did not come to fruition.

12.    On April 23, 2015, Mazel made a motion to dismiss the Chapter 11 petition or, in the alternative, relief from the automatic stay, which is returnable May 28, 2015.  While the Debtor was negotiating with Mr. Young about being the stalking horse on a proposed sale, on May 7, 2015, Mr. Young filed a motion that joined the Mazel motion to dismiss, but only to the extent that instead of a dismissal, Mr. Young requested the appointment of a Chapter 11 Trustee to sell the Debtor's property.  At that point, it became crystal clear that Mr. Young was no longer interested in being a stalking horse, but had never informed the Debtor of that decision.  In fact, counsel for the Debtor consulted with counsel for Mr. Young up to the point that Mr. Young made the motion for the appointment of a Chapter 11 Trustee.

13..    Immediately, Marcus found another bidder who is a major real estate

4

owner in the New York City area and agreed to be a "stalking horse" bidder. Affirmant and Marcus spent one week and many hours negotiating and preparing the necessary motion papers with counsel for that party. Unfortunately, at the last minute on Thursday night May 14, 2015, counsel for that party notified Affirmant, much to counsel's chagrin, that his client decided to withdraw and would not sign the proposed contract.

14..   Therefore, on the evening of May 14th and all day May 15th, Marcus pursued two other significant real estate owners in the City of New York, but time was too short to be able to negotiate a "stalking horse" contract. Accordingly, the Debtor has to move forward with its own a motion to sell the Property under Section 363 of the Bankruptcy Code.

SALES PROCEDURES

15.   The Debtor proposes to sell the Property pursuant to Section 363 of the Bankruptcy Code, free and clear of all liens, with all liens and encumbrances to attach to the proceeds of sale. The Debtor verily believes that the Property has significant value and since the filing of the Chapter 11 case, the Debtor has received offers ranging from $33,000,000 to $44,000,000. Therefore, the Debtor proposes to hold an auction sale with an upset price of $35,000,000. The sale would be subject to higher and better offers at an auction sale to be held before this Court on or about June 26, 2015 ("Auction"). A copy of the Proposed Sale Procedures Order is annexed hereto as Exhibit A.

16.   The bidding procedures and conditions of sale ("Bidding Procedures") as set forth on Exhibit B hereto and include:

(a)   The Property will be sold (i) "as is" and "whereas" with no

5

representations, legal or equitable, of any kind and (ii) with all liens, claims, and encumbrances, and other interests to attach to the proceeds of the sale.

(b)    At the Auction, any person or entity, including the original purchaser, intending bid for the Property ("Offeror") is required to submit a certified check equal to 20% of the offer ("Deposit") which is non-refundable should the Offeror becomes the successful bidder and then fail to close for any reason, with the Debtor reserving all other rights and remedies.

(c)    The balance of the purchase price of the Property shall be paid by the successful Offeror ("Purchaser") by a certified or bank check payable to "Kera & Graubard, as attorneys" at the closing.

(d)    All offers made at the sale shall remain open and irrevocable until thirty days after entry of an order approving the sale.  In the event the order approving the sale is subject to a stay of the Court, the offer shall remain open until such time as either the stay is vacated or the order becomes a final order, whichever is earlier.

(e)    The successful Purchaser must execute a Memorandum of Sale, and the closing shall take place within thirty (30) days after entry of the order approving the sale to the successful bidder or at such other time as the Debtor and the Purchaser may agree.  A hearing to approve the sale will be held a few days later, if necessary before the Honorable Stuart M. Bernstein, U.S. Bankruptcy Judge.

(f)    All bidders, who must pay no less than 20% of the final offer at the Auction, must include evidence satisfactory to the Debtor of such bidder's financial ability to close a purchase of the Property unless the Debtor directs otherwise.  If a bid is made more than two business days prior to the Auction, the Debtor will notify the

6

bidder within two business days of receipt whether the bid, including the 20% deposit

and evidence of the bidder's financial ability to close, is a qualifying bid, or whether

additional evidence is required.

17.    Only those parties submitting a bid that conform to the Bidding Procedures

("Qualifying Bid") will be deemed a qualified bidder ("Qualifying Bidder").

Notice of Sale

18.    Within two business days of the entry of the Sales Procedure Order,

counsel for the Debtor will serve by first class mail, a notice of sale substantially in the

form annexed hereto as Exhibit C ("Notice of Sale") upon (i) counsel for the secured

creditors enumerated in paragraph 8 above; (ii)  Office of U.S. Trustee, Attn:  Susan

Golden, Esq., 201 Varick Street, Suite 1006, New York, NY 10014; (iii) any party that

has filed a notice of appearance or proof of claim in the Debtor's case; (iv) any party

who has previously expressed interest or is reasonably believed to have interest in

purchasing the Property; and (v) any parties reasonably known to have an alleged lien,

claim or encumbrance against the Property.

19.    In addition, as soon as is practicable, the Trustee will cause a separate

notice of sale, substantially in the form annexed hereto as Exhibit D, to be published in

the New York Times ("Publication Notice").

## STANDARD FOR SALE UNDER SECTION 363(B)(1)

**The Proposed Sale is Justified by Sound Business Reasons and is in the Best Interest
Of the Debtor's Estate and Creditors**

20.    Bankruptcy Code section 363(b)(1) provides that the "trustee, after notice

and a hearing, may use, sell, or lease, other than in the ordinary course of business,

property of the estate ..." A sale conducted pursuant to section 363(b)(1) will only be approved upon the trustee's demonstration of a good business reason for that sale. In re Chateaugay Corp., 973 F.2d 141 (2d Cir. 1991); Committee of Equity Security Holders v. Lionel Corp. (In re Lionel Corp.), 772 F.2d 1063, 1071 (2d Cir. 1983). As a general rule, courts will afford for consideration to a trustee's [debtor's] business judgment, but not give it absolute deference. In re Bakalis, 220 B.R. 525, 532 (Bankr. E.D.N.Y. 1998).

21.    The Debtor has exercised its business judgment to sell the Property because it does not have the wherewithal to develop the Property itself. In the rising real estate market now found in the City of New York, it makes good business sense to sell the Property at the best possible price. All present indications are that a price could be obtained that will pay all the secured creditors, priority creditors and unsecured creditors of the Debtor, and leave a significant recovery for the equity holders. The Property is the sole asset of the Debtor and again, the Debtor verily believes that sound business judgment not only endorses, but requires the sale of the Property.

The Sale of the Property Subject to Higher and Betters Offers
Will Result in a Purchase Price that is Fair and Reasonable

22.    As previously noted, the pre-petition contract with Mr. Young was for $31,500,000. In accordance various offers received by the Debtor, its counsel and  its real estate broker; the Debtor verily believes that the value of the Property is at least $40,000,000. Accordingly, the Debtor believes that an Auction Sale held in the Bankruptcy Court will result in a purchase price that is both fair and reasonable, and certainly consistent with the current market value.

The Sale is Proposed in Good Faith and Entered into without Collusion

23.    The Debtor believes that the auction process with produce the best

economic return for the creditors of the Debtor and for the Debtor itself, and is the

product of good faith arms length negotiations made through Marcus.  Accordingly, the

Debtor requests that the Purchaser be afforded the protections of Section 363(m) of the

Bankruptcy Code.

Sale of the Assets Free and Clear is Authorized under Section 363(f)
of the Bankruptcy Code

24.    Bankruptcy Code section (363(f)(3) provides in pertinent part:

(f)  The trustee may sell property under subsection (b) or (c) of this section

free and clear of any interest in such property of an entity other than the

estate, only if ...

(3)  such interest is a lien and the price at which such property

is to be sold is greater than the aggregate value of all liens on such

property.

25.    Based upon the foregoing, the Debtor verily believes that the eventual

sales price will produce a price that is more than all the potential liens against the

Property.

## NOTICE OF THE PROPOSED SALE PROCEDURES ORDER

26.    The Debtor has served this Motion and Notice of Motion upon (i) counsel

to all entities that have expressed an interest in the Property, or is reasonably believed

to have an interest in purchasing the Property; (ii) the Office of the U.S. Trustee for the

Southern District of New York; (iii) any party that has filed a notice of appearance or

proof of claim in the Debtor's case; and (iv) any parties reasonably known to have an

alleged lien, claim or encumbrance against the Property.

WHEREFORE, the Debtor respectfully requests that the entry of the proposed

Sales Procedure Order attached hereto as Exhibit A, and that following the Sale

Hearing, the Court enter an order, substantially in the form annexed hereto as Exhibit

E, approving the Proposed Sale.

Dated:        New York, New York
              May 17, 2015

315 W 35th ASSOCIATES LLC, Debtor and
Debtor in Possession

By: KERA & GRAUBARD, Its Attorneys

By:
M. David Graubard (MDG 5442)
240 Madison Avenue, 7th fl
New York, NY  10016
(212) 681-1600