UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                    Chapter 11
                                                         Case No. 15-10877
315 W 35TH ASSOCIATES LLC


                    Debtor.
---------------------------------------------------------x

ORDER APPROVING SALE PROCEDURES
PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE
REGARDING THE DEBTOR'S SALE OF PREMISES
315 WEST 35TH STREET, NEW YORK, NEW YORK

Upon the Motion dated May 17, 2015 of the Debtor 315 W 35th Associates LLC by its attorneys, for an entry of an Order pursuant to Section 363 of the United States Bankruptcy Code (i) approving the sales procedures in connection with the Debtor's sale of the Debtor's real property located at 315 West 35th Street, New York, New York ("Property") by public auction sale to the highest and best offer ("Auction") all as more fully described in the Motion, and upon the record of the hearings held by the Court on June 9, 2015 and June 23, 2015; and the Court having determined that the relief requested in the Motion is in the best interest of the Debtor's estate, its creditors and other parties in interest, and after due deliberation thereon; and good and sufficient cause appearing therefore, it is hereby

FOUND AND DETERMINED THAT:

(A)   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a) and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.), as amended by order M-431 dated January 31, 2012 (Preska, C.J.).

1

B) The statutory predicates for the relief sought in the Motion are subsections 363(b)(1), (f) and (m) of the Bankruptcy Code.

C) This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(M).

D) Venue of this case and the Motion in this district is proper under 28 U.S.C. §1408.

E) Good and sufficient notice of the relief sought in the Motion has been given under the circumstances, and no further notice is required; such notice complies the requirements of Section 363 of the Bankruptcy Code F.R.B.P. 206 and 6002; Local Bankruptcy Rule 6004-1(a) and General Order M-383.  A reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons and entities including (i) any party who has previously expressed interest or is reasonably believed to have interest in purchasing the Property; (ii) the Office of the U.S. Trustee for the Southern District of New York; (iii) any party that has filed a notice of appearance or proof of claim in the Debtor's case; and (iv) any parties reasonably known to have an alleged lien, claim or encumbrance against the Property.

F) The Bid Terms and Conditions of Sale, a copy of which is annexed hereto, are fair, reasonable and appropriate and are designed to maximize the recovery for the Debtor.

G) The proposed Notice of the Sale and the Publication Notice, annexed to the Motion as Exhibits C and D are appropriate and reasonably calculated to provide all interested parties with timely and proper notice, and no other or further notice is required.

H) The entry of this Sale Procedures Order is in the best interests of the

Debtor, its creditors and parties in interest; and it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. The Bid Terms and Conditions of Sale, as set forth herein, are hereby approved.

### BID TERMS AND CONDITIONS OF SALE

(1). 315 W 35TH Associates LLC will offer for sale real property located at 315 West 35th Street, New York, New York ("Property") at an auction sale to be held at the U.S. Bankruptcy Court, before the Honorable Stuart M. Bernstein, One Bowling Green, Room 723, New York, NY 10004 on July 13, 2015 at 2:00 p.m. (the "Auction") at a minimum bid of $31,500,000 or to any person or entity making a higher and better offer on the terms and conditions hereafter set forth and recited at the Auction. All offers to purchase the Property must comply with these bid terms.

(2). The **auction sale is subject to the following** terms and conditions: ~~of sale shall include, among other things, the following:~~ **[SMB: 6/25/15]**

(a) The Property will be sold (i) "as is" and "whereas" with no representations, legal or equitable, of any kind and (ii) with all liens, claims, and encumbrances, and other interests to attach to the proceeds of the sale.

(b) The Auction will proceed with bidding increments of $250,000.

(c) Notwithstanding the minimum bid amount stated above, Mazel 315 West 35th LLC ("Mortgagee") has the sole right to credit bid up to the full amount of its debt.

(d) At the Auction, except for the Mortgagee, any person or entity intending to bid for the Property ("Offeror") is required to submit a certified or bank

3

check equal to 20% of the offer ("Deposit") which is non-refundable should the Offeror become the successful bidder and then fail to close for any reason, with the Debtor reserving all other rights and remedies. The certified or bank check shall only be accepted if it is payable directly to Signature Bank , as Escrow Agent, or directly endorsed to the Escrow Agent by the payee,  provided the payee is a natural person and provides evidence of his identity.

(e)     The balance of the purchase price of the Property shall be paid by the successful Offeror ("Purchaser") by a certified or bank check payable to "Signature Bank, as Escrow Agent," at the closing.

(f)     All offers made at the sale shall remain open and irrevocable until thirty (30) days after entry of an order approving the sale.  In the event the order approving the sale is subject to a stay of the Court, the offer shall remain open for an additional thirty (30) days **after the entry of the order approving the sale**. **[SMB: 6/25/15]**

(g)     The successful Purchaser must execute the Contract of Sale that has been made available through the Debtor's real estate broker, which is consistent with the procedures before the U. S. Bankruptcy Court authorizing an auction sale, and the closing shall take place within fourteen (14) days after entry of the order approving the sale to the successful bidder, with time being of the essence.

(h)     Any bidder, except for the Mortgagee, must include evidence satisfactory to the Court of such bidder's financial ability to close a purchase of the Property.

(3)     All bidders shall provide to Debtor's counsel at or before the Auction the

full name and identity of the proposed buyer of the Property, which information will be distributed immediately to the parties who have filed a Notice of Appearance.

(4) If the transaction contemplated by the first highest and best offer as announced at the Auction is not closed within the time period set forth herein, then the Debtor may accept the next highest and best offer

(5) In the event that the Debtor for any reason does not consummate a sale of the Property, the sole obligation of the Debtor to the winning Offeror shall be to return the deposit with interest and such party shall have no further claims, legal or equitable.

(6) The Debtor shall accept the highest **and best** bid offered at the Auction. However, the sale is subject to the entry by the Bankruptcy Court of an order approving the sale and authorizing the Debtor to consummate the transaction.**[SMB: 6/25/15]**

(7) Each bidder at the Auction is required to confirm that it has not engaged in any collusion with respect to the bidding or the Auction.

(8) The actual bidding will be **recorded.** ~~transcribed or videotaped to ensure a record.~~**[SMB: 6/25/15]**

(9) All Offerors shall be deemed to acknowledge that they have had an opportunity to review the Property and all pertinent documents with respect thereto prior to making offers and to have relied solely on their review and upon their own investigation of the Property in making their offers.

~~(10). Immediately after the Auction, the successful bidder shall enter into the Contract of Sale which incorporates the Bid Procedures and the Rules of the U. S. Bankruptcy Court, and provides for closing within fourteen (14) days after the of the Order Approving Sale, with time being of the essence.~~ **[SMB: 6/25/15]**

2. The Debtor is hereby authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures.

3. ~~The notice procedures for the Auction and Sale Hearing, as described in the Motion, are approved in all respects, and the form of Notice of Sale and Publication Notice are hereby approved.~~**[SMB: 6/25/15]**

4. Notwithstanding anything herein or in the Bidding Procedures to the contrary, the Mazel 315 West 35th LLC ("Mazel") is deemed a Qualified Bidder. ~~may credit bid its claim pursuant to Section 363(k) of the Bankruptcy Code and is exempted from the requirement of the 20% deposit in connection with the proposed sale.~~**[SMB: 6/25/15]**

5. ~~The Auction shall take place on July 13, 2015 at 2:00 p.m. before the Honorable Stuart M. Bernstein, U.S. Bankruptcy Court, Room 723, One Bowling Green, New York, NY 10004.~~**[SMB: 6/25/15]**

6. No later than three (3) business days after entry of this Sales Procedures Order, counsel for the Debtor shall serve a copy of the Notice of Sale, including the Sales Procedures Order and Bidding Procedures upon the following by first class mail, postage prepaid, except for any person or entity that has appeared in this proceeding, who may be served electronically: (i) any party who has previously expressed interest or is reasonably believed to have interest in purchasing the Property; (ii) the Office of the U.S. Trustee for the Southern District of New York; (iii) any party that has filed a notice of appearance or proof of claim in the Debtor's case; and (iv) any parties reasonably known to have an alleged lien, claim or encumbrance against the Property.

7. As soon as is practicable after entry of the Sales Procedure Order, the

Debtor shall have the Publication Notice placed in The New York Times, New York area edition.

8.  Any objections to the Proposed Sale must: be in writing; conform to the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the United States Bankruptcy Court for the Southern District of New York; set forth the name of the objector; set forth the nature and amount of the objector's claims against or interests in the Debtor's estate or property; state the legal and factual basis for the objection and the specific grounds therefor; be filed with the United States Bankruptcy Court for the Southern District of New York, One bowling Green, New York, NY 10004, on or before 4:30 p.m. (EDT) on July 2, 2015; and be served so as to be received by (i) Kera & Graubard, attn.: M. David Graubard, Esq., counsel for the Debtor, 240 Madison Avenue, 7th floor, New York, NY 10016; (ii) Office of U.S. Trustee for the Southern District of New York, Attn: Susan Golden, Esq., 201 Varick Street, Suite 1006, New York, NY 10014; and (iii) any party that has filed a notice of appearance in the Debtor's case.

9.  The Sale Hearing to consider approval of the Trustee's entry into and consummation of a transaction with a successful bidder shall **immediately follow** ~~be held simultaneously with~~ the sale on July 13, 2015 at 2:00 p.m. (EDT). **[SMB: 6/25/15]**

~~10.    The Debtor is hereby authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established by this Sales Procedures Order.~~ **[SMB: 6/25/15]**

Dated:    New York, New York
          June 25th, 2015

/s/ STUART M. BERNSTEIN
Honorable Stuart M. Bernstein
U.S. Bankruptcy Judge