Kera & Graubard
Attorneys for Debtor
240 Madison Avenue, 7th floor
New York, NY 10016
(212) 681-1600

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                   Chapter 11
                                                                              Case No. 15-10877
315 W 35TH ASSOCIATES LLC,
                                                                              SECOND AMENDED
                                                                              PLAN OF REORGANIZATION

                                        Debtor.
-----------------------------------------------------------x

      The Debtor hereby proposes the following Second Amended Plan of Reorganization ("the Plan"), pursuant to the provisions of Chapter 11 of Title 11, United States Code.

      PLEASE NOTE THAT THE CLASSIFICATIONS AND THE PROPOSED DISTRIBUTIONS IN THIS PLAN ARE BASED UPON THE SALE OF THE DEBTOR'S REAL PROPERTY AT A PRICE THAT WILL EXCEED ALL OF THE CLAIMS AS ALLOWED OR AS AGREED UPON BETWEEN THE DEBTOR AND A SPECIFIC CLAIMANT.

## ARTICLE 1

## DEFINITIONS

      As used in this Plan, the following terms will have the meanings hereinafter set forth:

      1.1    "Administrative Expense" Any cost or expense of administration of the Bankruptcy Case entitled to priority under section 507(a)(1) and allowed under section 503(b) of the Bankruptcy Code, and any fees or charges assessed against the Debtor's Estate under Chapter 123, Title 28, United States Code.

      1.2    "Administrative Expense Claim" shall mean claim for payment of an Administrative Expense.

      1.3    "Allowance Date" shall mean the date which a Disputed Claim becomes an Allowed Claim by Final Order.

      1.4    "Allowed Claim" shall mean a Claim: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court late filed as to which (i) no party in interest files an

objection or (ii) which is allowed by a Final Order; or (b) which is listed on the Debtor's schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or contingent.

    1.5    "Allowed Secured Claim" shall mean a Secured Claim to the extent it is an Allowed Claim.

    1.6    "Allowed Unsecured Claim" shall mean an Unsecured Claim to the extent it is an Allowed Claim.

    1.7    "Bankruptcy Case" shall mean this Chapter 11 bankruptcy case.

    1.8    "Bankruptcy Code" shall mean Title 11 of the United States Code (11. U.S.C. § 101 et. seq.

    1.9    "Bankruptcy Court" shall mean the United States Bankruptcy Court, Southern District of New York.

    1.10    "Bar Date" shall mean the date established by the Bankruptcy Court as the last day for filing claims.

    1.11    "Cash" shall mean all cash and cash equivalents which evidence immediately available funds in United States dollars.

    1.12    "Claim" shall mean a right to payment as set forth in § 101(5) of the Bankruptcy Code.

    1.13    "Claimant" shall mean the holder of a Claim.

    1.14    "Confirmation Date" shall mean the date of the entry of the Confirmation Order.

    1.15    "Confirmation Hearing" shall mean the hearing pursuant to the Bankruptcy Code Section 1128 before the Bankruptcy Court regarding the proposed confirmation of the Plan.

    1.16    "Confirmation Order" shall mean the order of the Court confirming the Plan.

    1.17    "Creditor" shall mean any entity that holds a Claim against a Debtor.

    1.18    "Debtor" shall mean 315 W 35th Associates LLC.

1.19    "Disputed Claim" shall mean the whole or any portion of any claim against a Debtor to which an objection is timely filed as to which a Final Order has not been entered allowing or disallowing such Claim or any portion thereof.

1.20    "Effective Date" shall mean the date upon which the sale of the Property under the plan closes, or such other date after the Confirmation Date as may be practicable.

1.21    "Estate" shall mean the estate of a Debtor created upon the commencement of the Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

1.22    "Executory Contracts" shall mean "executory contracts" and "unexpired leases" as such terms are used within Section 365 of the Bankruptcy Code.

1.23    "Final Order" shall mean an order of the Court that has not been reversed, modified, amended or stayed, and as to which the time to appeal or to seek review or certiorari thereof has expired, and as to which no appeal, review or rehearing is pending.

1.24    "Interest" shall mean an existing ownership interest in the Debtor.

1.25    "Interest Holder" shall mean a holder and owner of an existing Interest in the Debtor.

1.26    "Lien" shall mean a charge against or interest in property to secure payment of a debt or performance of an obligation.

1.27    "Mortgagee" shall mean Mazel 315 West 35th LLC.

1.28    "Petition Date" shall mean April 8, 2015, the date of the Debtor's filing under Chapter 11 of the Bankruptcy Code.

1.29    "Plan" shall mean this Plan of Reorganization, and any and all modifications and/or amendments hereto.

1.30    "Plan Administrator" shall mean such individual or entity to be named at the Confirmation Hearing to implement the Plan to the extent set forth in the Plan.

1.31    "Property" shall mean the Debtor's real property located at 315 West 35th Street, New York, New York .

1.32    "Secured Claim" shall mean a Claim secured by a Lien on the Property.

1.33    "Secured Creditor" shall mean the owner or holder of a Secured Claim.

1.34 "Unsecured Claim" shall mean a claim for which the Claimant does not hold (a) a valid, perfected and enforceable Lien, security interest or other interest in or encumbrance against the Property; (b) a right to setoff to secure the payment of such Claim. An Unsecured Claim includes, but is not limited to, a Claim for damages resulting from rejection of any Executory Contract pursuant to Section 365 of the Bankruptcy Code, and does not include administrative of priority claims.

1.35 "Unsecured Creditor" shall mean the owner or holder of an Unsecured Claim.

## ARTICLE 2

## CLAIMS CLASSIFICATION AND TREATMENT

### Class 1

2.1 <u>Classification</u> -- Secured claim of Mazel 315 West 35th LLC.

(a) <u>Treatment</u> – On the Effective Date, payment in full in cash of Allowed Secured Claim from the proceeds of the sale of the Property.

(b) <u>Voting</u> – Unimpaired and deemed to have accepted the Plan.

### Class 2

2.2 <u>Classification</u> -- Secured claim of Gertler & Wente Architects LLP.

(a) <u>Treatment</u> -- On the Effective Date, payment of full in cash of Allowed Secured Claim from the proceeds of the sale of the Property, after payment of the Class 1 Claim.

(b) <u>Voting</u> – Unimpaired and deemed to have accepted the Plan.

### Class 3

2.3 <u>Classification</u> -- Secured claim of New York City Environmental Control Board (ECB Claim No. 1) in the sum of $800.

(a) <u>Treatment</u> -- On the Effective Date, payment of full in cash of Allowed Secured Claim from the proceeds of the sale of the Property, after payment of Class 1 and 2 Claims.

(b) <u>Voting</u> – Unimpaired and deemed to have accepted the Plan.

### Class 4

2.4     Classification – Secured Claim of Robert Verrone.

(a)     Treatment -- On the Effective Date, payment of full in cash of Allowed Secured Claim from the proceeds of the sale of the Property, after payment of Class 1, 2 and 3 Claims.

(b)     Voting – Unimpaired and deemed to have accepted the Plan.

### Class 5

2.5     Classification – New York City Environmental Control Board (ECB Claim No. 2) in the sum of $10,500.

(a)     Treatment -- On the Effective Date, payment of full in cash of Allowed Secured Claim from the proceeds of the sale of the Property, after payment of Class 1, 2, 3 and 4 Claims.

(b)     Voting – Unimpaired and deemed to have accepted the Plan.

### Class 6

2.6     Classification – Motovich Holdings LLC.

(a)     Treatment -- On the Effective Date, payment in full in cash of the agreed Allowed Secured Claim in the sum of $4,500,000 from the proceeds of the sale of the Property, after payment of Class 1, 2, 3, 4 and 5 Claims and the Administrative Expense Claim of Marcus & Millichap Real Estate Investment Services ("Marcus").  The balance of the Motivich secured claim is subject to dispute. Motovich has agreed to accept the Plan.

(b)     Voting – Impaired and entitled to accept or reject the Plan.

### Class 7

2.7     Classification – New York City Environmental Control Board (ECB Claim No. 3) in the sum of $16,000.

(a)     Treatment -- On the Effective Date, payment of full in cash of Allowed Secured Claim from the proceeds of the sale of the Property, after payment of Class 1, 2, 3, 4, 5 and 6 Claims and the Administrative Expense Claim of Marcus.

(b)     Voting – Unimpaired and deemed to have accepted the Plan.

### Class 8

2.8    <u>Classification</u> --   Priority Claims under Sections 507(a)(2), (3), (4), (5), (6), (7) and (8) of the Bankruptcy Code.

(a)    <u>Treatment</u> --   On the Effective Date, payment in full in cash of Allowed Priority Claim from the proceeds of the sale of the Property, after payment of Class 1, 2, 3, 4, 5, 6 and 7 Claims and the Administrative Expense Claim of Marcus.

(b)    <u>Voting</u> –   Unimpaired and deemed to have accepted the Plan.

### Class 9

2.9    <u>Classification</u> --   General Unsecured Claims.

(a)    <u>Treatment</u> --   On the Effective Date, payment of available cash up to Allowed Unsecured Claim, after payment of Administration Claims and Class 1, 2, 3, 4, 5, 6, 7, and 8 Claims.

(b)    <u>Voting</u> –   Impaired and entitled to accept or reject the Plan.

### Class 10

2.10   <u>Classification</u> --   Equity Interest.

(a)    <u>Treatment</u> --   After the Effective Date, payment of available cash up to Allowed Claim, after payment of Administration Claim and Class 1, 2, 3, 4, 5, 6, 7, 8 and 9 Claims.

(b)    <u>Voting</u> –   Impaired and entitled to accept or reject the Plan.

6

## ARTICLE 3

## ADMINISTRATION CLAIMS

3.1     Allowed Administration Expenses shall be paid in full in Cash on the Effective Date pursuant to the Plan, or the date such Administration Expense becomes Allowed, except to the extent that the holder of an Allowed Administrative Expense agrees to a different treatment.  Any outstanding U.S. Trustee fees shall be paid in full in Cash on the Effective Date.  United States Trustee fees will be paid, and operating reports will be filed as they come due by the Debtor.

3.2     Allowed Administration Expense Claims shall be paid after payment of Class 1, 2, 3, 4, 5, 6 and 7 Claims, but prior to Class 8, 9 and 10 Claims.

3.3     The Allowed Administration Expense Claim of Marcus shall be paid after payment of Claims in Class 1, 2, 3, 4 and 5, if the gross sales price of the Property is or greater than $35,000,000.

## ARTICLE 4

## MEANS FOR IMPLEMENTATION

4.1     Sale of Property.  Claims will be paid from the proceeds of the sale of the Property pursuant to an auction sale ("Auction") to be held in the Bankruptcy Court.  The Debtor projects payment in full of all Allowed Claims regardless of class designation, from the proceeds of the Auction.

4.2     Documents by Secured Creditors.  In order to facilitate a closing on the auction of the Property so that same will be free and clear of all liens and encumbrances, with any such liens and encumbrances to attach the proceeds of sale, on the Effective Date or in connection with the Closing, each Secured Creditor, to the extent required by any reputable title company in connection with the Closing, shall execute such documents and instruments as may be required to evidence the release of each particular Claimant's Claim against the Property.

4.3     Transfer Taxes -- Pursuant to the Plan and Bankruptcy Code §1146(c), the transfer of the Property pursuant to the provisions of the Plan, shall not be subject to any applicable recording tax, stamp tax, mortgage tax, real estate transfer tax or other similar tax, including without limitation, the New York City Real Property Transfer Tax and the New York State Documentary Tax.

4.4     Revestment of Property.  Except as otherwise provided in the Plan, on the Effective Date all assets of the Estate shall vest in the Debtor free and clear of all liens, claims and encumbrances and any and all liens, claims and encumbrances that have not

been expressly preserved under the Plan shall be deemed extinguished as of such date. Except as otherwise provided herein, as of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests of Creditors, except for the obligations that are imposed under the Plan or by a Final Order of the Bankruptcy Court.

4.5     Execution of Documents – The Debtor or the Plan Administrator, as necessary, shall be authorized to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation.

4.6     Recording Documents – Each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transaction contemplated by the Plan, including, but not limited to, any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan, and the Confirmation Order.

4.7     Disbursing Agent – Kera & Graubard shall be the Disbursing Agent under this Plan. The Disbursing Agent, together with the Debtor, shall have the exclusive power to take all steps and execute all instruments and documents necessary to effectuate the Plan. The Disbursing Agent shall have the exclusive power to:  (a) make distributions contemplated by the Plan; (b) receive any Cash on account of any amounts owing to Debtor; and (c) make a final report and file a final account of the administration of the Estate with the Bankruptcy Court and with the United States Trustee.

## ARTICLE 5

## DISTRIBUTIONS TO CREDITORS

5.1     The Disbursing Agent under the Plan shall serve without bond. The Disbursing Agent, together with the Debtor, shall be authorized to review claims, and file objections to claims in the event grounds exist to object to particular claims. All parties in interest may file objections to Claims for a period of thirty (30) days after the Effective Date. On the initial distribution date and on each distribution date as may thereafter be necessary, the Disbursing Agent shall maintain an undetermined claims distribution reserve for the holders of undetermined claims as of such date in a sum not less than the amount required to pay each such undetermined claim as if such claim was allowed in full. To the extent that an undetermined claim becomes an Allowed Claim, the distribution reserved for such Allowed Claim, shall be released from the undetermined claims distribution reserve and paid to the holder of such Allowed Claim. After all the amounts of all undetermined claims have been fixed, the balance of the undetermined claims distribution reserve shall thereafter be paid in accordance with the Plan.

## ARTICLE 6

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1     All unexpired leases and executory contracts not rejected prior to the Effective Date shall be rejected under the Plan.   In the event of a rejection of any Executory Contract which results in damage to the other party or parties to the Executory Contract, a Proof of Claim for such damages must be filed by the damaged party with the Court within thirty (30) days after the Effective Date.   All Allowed Claims arising from the rejection of any Executory Contract shall be treated as an Unsecured Claim.   Any Claim arising from the rejection of any Executory Contract not filed with the Court within the time period provided in the preceding paragraph above shall be deemed discharged and shall not be entitled to participate in any distribution under the Plan.

## ARTICLE 7

### RETENTION OF JURISDICTION

7.1     Retention of Jurisdiction.   The Court shall have jurisdiction over all matters arising under, arising in, or relating to the Debtor's Bankruptcy Case including, but not limited to, proceedings:

(a)     To consider any modification of the Plan under Section 1127 of the Bankruptcy Code;

(b)     To hear and determine all Claims, controversies, suits and disputes against the Debtor to the full extent permitted under 28 U.S.C. §1334 and 28 U.S.C. §157.

(c)     To hear, determine and enforce all Claims and causes of action which may exist on behalf of the Debtor or the Debtor's estate, including, but not limited to, any right of the Debtor or the Debtor's Estate to recover assets pursuant to the provisions of the Bankruptcy Code;

(d)     To hear and determine all requests for compensation and/or reimbursement of expenses which may be made;

(e)     To value assets of the Estate;

(f)     To enforce the Confirmation Order, the final decree, and all injunctions therein;

  (g) To enter an order concluding and terminating the Bankruptcy Case;

  (h) To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, or the Confirmation Order;

  (i) To determine all questions and disputes regarding title to the assets of the Debtor;

  (j) To re-examine Claims which may have been allowed for purposes of voting, and to determine objections which may be filed to any Claims.

## ARTICLE 8

## GENERAL PROVISIONS

 8.1 <u>Headings.</u>  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

 8.2 <u>Disputed Claims.</u>  The Disbursing Agent shall hold in escrow the distribution that would be due on account of any Disputed Claim.  No Disputed Claims shall be paid, nor shall distributions be made to a creditor holding a Disputed Claim, until such Claim becomes an Allowed Claim.

 8.3 <u>Calculation of Time Periods</u>.  Bankruptcy Rule 9006 is incorporated herein for purposes of calculating the dates set forth herein.

 8.4 <u>Other Actions</u>.  Nothing contained herein shall prevent the Debtor, Interest Holders, or Creditors from taking such actions as may be necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan under the Plan.

## ARTICLE 9

## PLAN MODIFICATION

 9.1 <u>Modification of Plan</u>.  The Debtor may seek amendments or modifications to the Plan in accordance with Section 1127 of the Bankruptcy Code at any time prior to the Confirmation Date.  After the Confirmation Date, the Debtor may seek to remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan.

## ARTICLE 10

### INJUNCTION AND PROPERTY OF THE ESTATE

10.1  **Injunction.**  The confirmation of this Plan shall constitute an injunction of the Court against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtor or its property or properties, any obligation or debt except pursuant to the terms of the Plan.

10.2  **Vesting of Property.**  Except as otherwise provided in the Plan, on the Effective Date title to all of the Debtor's assets shall pass to the post confirmation Debtor or its designee free and clear of all Claims and Interest, in accordance with Section 1141 of the Bankruptcy Code.

## ARTICLE 11

### CLOSING THE CASE

11.1  Upon substantial consummation, the Debtor may move for a final decree to close the Bankruptcy Case and to request such other orders as may be just.

Dated:    New York, New York
          August 17, 2015

                                              315 W 35TH ASSOCIATES LLC

                                              By: _____
                                                  Michael Sorotzkin, Manager

                                              KERA & GRAUBARD
                                              Attorneys for Debtor

                                              By: _____
                                                  M. David Graubard (MDG 5442)
                                                  240 Madison Avenue, 7th fl
                                                  New York, NY  10016
                                                  (212) 681-1600