UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                 Chapter 11
                                                                          Case No. 15-10877
315 W 35TH ASSOCIATES LLC


                          Debtor.
---------------------------------------------------------x

ORDER APPROVING SALE OF PROPERTY
LOCATED AT 315 WEST 35TH STREET, NEW YORK, NEW YORK

Upon the Second Amended Plan of Reorganization filed on August 17, 2015 (the "Plan"), the Order of the Court confirming the Plan entered on September 2nd, 2015 (the "Confirmation Order"), the motion (the "Motion") dated May 17, 2015 of the Debtor 315 W 35th Associates LLC by its attorneys, for an order approving bidding procedures and the form and manner of notice of sale in connection with the Debtor's sale of the Debtor's real property located at 315 West 35th Street, New York, New York ("Property") free and clear of all liens, claims and encumbrances, with such liens, claims and encumbrances to attach to the sale proceeds, upon the Order Approving Sale Procedures entered by this Court dated June 25, 2015 (the "Sale Procedures Order"); and upon the record of the hearings held before this Court on June 9, 2015; June 23, 2015; and August 27, 2015 ("Hearing"); and sufficient cause appearing therefore; and after due deliberation; it is hereby

FOUND AND DETERMINED, that:

A. On April 8, 2015, the Debtor filed a voluntary Chapter 11 petition with this Court and was continued as debtor in possession.

B. Proper, timely, adequate and sufficient notice of the Motion and the

Sale Hearing on the requested relief set forth therein has been provided in accordance with Rules 2002 and 6004 of the Federal Rules of Bankruptcy, and the Sales Procedure Order, as evidenced by the certificate of service filed with the Clerk of this Court, and no other or further notice of the Motion, the Sale Hearing or the entry of this Order is necessary.

C. A reasonable opportunity has been afforded to any person or entity desirous of making a higher and better offer to purchase the Property.

D. The Plan was confirmed by Order entered September 2nd, 2015.

E. The successful bidder, Mazel 315 West 35th LLC, was entitled to and did credit bid a portion of the purchase price. *See* 11 U.S.C. § 1129(b)(2)(A)(ii).

F. The Sales Procedures held before this Court and the Auction Sale have been held on good faith terms and the successful bidder is a good faith purchaser of the Property and is entitled to acquire the Property under the Plan free and clear of any liens or encumbrances, including pursuant to 11 U.S.C. § 1123(a)(5)(D), if he consummates the sale in accordance with this order and the Contract of Sale.

G. The debtor has adequately disclosed all material facts necessary to permit the Court and the Debtor's creditors to evaluate the merits of the Auction Sale.

H. It is in the best interest of the estate and creditors to sell the Property in accordance with the terms and conditions of the Auction of Sale.

I. The Debtor has advanced sound business reasons for seeking to sell the Property, and it is a reasonable exercise of the Debtor's business judgment to sell the Property on the basis set forth in the Motion.

J. This Court has jurisdiction over this case and the parties and

property affected hereby pursuant to the provisions of Sections 157(b)(2)(D) and 1334 of Title 28 of the United States Code.  28 U.S.C. §§157(b)(2)(D) and 1334.

K. Good cause has been demonstrated for the entry of this Order.

Accordingly, it is hereby FOUND, ORDERED, DETERMINED AND DECREED, as follows:

1. The offer of Mazel 315 West 35th LLC (the "Purchaser") to pay the aggregate amount of $43,000,000 to the Debtor is the highest and best offer for the purchase of the Property.

2. The terms and conditions of the Auction Sale are approved.

3. The Auction Sale was held in good faith and the bidding constituted an arm's length deal with the Debtor,**and the purchaser is entitled to the protections afforded under 11 U.S.C. § 363(m). [SMB: 9/2/15]**

4. The Debtor is authorized and directed to do and perform all acts, to make, and execute all related instruments and documents, which may be required or necessary for performance pursuant to the terms of the Auction Sale.

5. All documents and the provisions of this Order shall be binding upon the Debtor and third parties.

6. The provisions of this Order shall be immediately effective upon its entry and any actions taken pursuant hereto shall survive entry of, and shall govern with respect to any conflict with, any other order.

7. ~~If any or all of the provisions of this Order shall be modified, vacate or  stayed, such stay, modification or vacatur shall not affect (a) the validity of any obligation, indebtedness or liability incurred by the Debtor hereunder prior to the~~

~~effective date of any such stay, modification or vacatur, or (b) the validity and enforceability of any priority authorized or created hereby or pursuant to the Contract of Sale or the Bankruptcy Code. Notwithstanding any such stay, modification or vacatur, any indebtedness, obligation or liability incurred by the Debtor hereunder prior to the effective date of such stay, modification or vacatur shall be governed in all respects by the original provisions of this Order, and the Debtor shall be entitled to all of the rights, remedies, privileges and benefits, granted herein with respect to all such indebtedness, obligation or liability.~~**[SMB: 9/2/15]**

8. At the closing, the Property shall be conveyed sold and transferred free and clear of any and all liens, encumbrances, claims, and interests whether or not allowable, security interests, title retentions, charges, and any other interest in the Property, whether arising prior or subsequent to closing, ~~with the liens, claims~~ and **shall attach** ~~encumbrances only attaching~~ to the proceeds of sale, with the same priority, validity, force, effect and enforceability, and subject to the same defenses and avoiding power actions as such liens, claims and encumbrances have or may now be subject to with respect to the Property being sold under the Contract of Sale.**[SMB: 9/2/15]**

9. The proceeds of sale of the Property received by the Debtor shall be deposited into an escrow account with Signature Bank **maintained by debtor's counsel, M. David Graubard, Esq**, with such funds to be disbursed only pursuant to further order of this Court.**[SMB: 9/2/15]**

10. The provisions of this Order authorizing the sale of the Property free and clear of all liens, claims and encumbrances shall be self-executing, and no party shall be required to execute or file releases, termination statements, assignments,

consents or other instruments in order to effectuate, consummate and implement the foregoing provisions hereof.

11.     This Order shall be binding upon all parties in interest and inure to the benefit of the Debtor and the Purchaser, and their respective assigns.

~~12.     The reversal or modification of this Order or the Order confirming the Plan shall not affect the validity of the Purchaser's purchase of the Property, whether or not Purchaser knows of the pendency of an appeal, unless the sale is stayed pending the appeal.~~ **[SMB: 9/2/15]**

13.     Each and every federal, state and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the sale of the Property and the recording of any deed, document or other instrument and all such partied and creditors are enjoined from interfering with this Order.

14.     **The sale and transfer of the property is in contemplation and pursuant to the confirmed plan, and pursuant to 11 U.S.C. § 1146(a), shall not be taxed under any law imposing a stamp or similar tax.** ~~Pursuant to Section 1146(a) of the Bankruptcy Code, as well as 19 RCNY § 23-03(j)(8), the issuance, transfer, or exchange of any instrument, or the making, delivery, filing, or recording of any instrument, to carry out the sale of the Property shall not be subject to any document recording tax, stamp tax, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment.  All filing or recording officers (or any other Person with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of Section 1146(a) of the Bankruptcy~~

~~Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.~~ **[SMB: 9/2/15]**

15. This Court shall retain jurisdiction to resolve any and all disputes arising from or relating to the Contract of Sale and all the provisions of this Order in accordance with the terms of this Order and the Motion.

Dated:   New York, New York
         September 2nd, 2015

                                             **/s/ STUART M. BERNSTEIN**
                                             Honorable Stuart M. Bernstein
                                             U.S. Bankruptcy Judge